UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIN DEON CRAWFORD,

Plaintiff,

v.

GODSWIND,

Defendant.

No.  2:25-cv-0671-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. By order signed on July 21, 2025, the Court ordered plaintiff to provide the court with documents necessary for service of process on the defendant within 30 days. (ECF No. 8.) The Court informed plaintiff that failure to return the documents within the time permitted would result in a recommendation that this action be dismissed for failure to prosecute based on Rule 41(b) of the Federal Rules of Civil Procedure. (Id. at 3.) On December 8, 2025, the Court cautioned plaintiff and granted plaintiff additional time to provide the documents necessary for service of process and again warned plaintiff about failure to comply. (ECF No. 11 at 1-2.) The December 8, 2025 order was re-served to petitioner by mail on January 6, 2026 to an updated address provided by the post office. Counting from the date of re-service, the extra time granted for plaintiff to provide the documents necessary for service on defendant has expired. Plaintiff has not complied with the court's order or otherwise communicated with the court.

1

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

The court has considered the five factors set forth above. The first two factors strongly support dismissal of this case. Plaintiff's failure to comply with the court's orders suggests plaintiff has abandoned this action. The third factor, prejudice to defendant from plaintiff's failure to oppose the motion, slightly favors dismissal. More than six months have passed since the court first ordered plaintiff to submit documents necessary for the United States Marshal to serve the United States of America. Plaintiff's failure to respond to the court has already caused delay of this action, and a presumption of injury to the defendant arises from unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, does not weigh in favor of dismissal as a sanction. However, the fifth factor favors dismissal. No less drastic sanction is appropriate under the circumstances. The relevant factors weigh in favor of dismissing this case for plaintiff's failure to submit documents necessary for service and failure to prosecute.

////

////

////

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court assign a district court judge to this case.

Further, IT IS RECOMMENDED that this action be DISMISSED without prejudice based on plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 2, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, craw0671.nousm.fr